IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| EUGENE WATERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-025 |
| | ) | |
| NATHAN BROOKS, Warden, and RANDY MCCLOUD, Warden of Security, | ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, currently incarcerated at Telfair State Prison in Helena, Georgia, has submitted a complaint for filing and seeks to proceed *in forma pauperis* ("IFP"). However, upon review of Plaintiff's filings, it is unclear whether he is attempting to assert a civil rights claim pursuant to 42 U.S.C. § 1983 or is attempting to petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Plaintiff filed his complaint on the form § 1983 complaint, and he asserts Warden of Security Randy McCloud destroyed his legal documents, which caused Plaintiff's appeal of his underlying criminal case to be denied. (Doc. no. 1, p. 5.) In his requested relief, Plaintiff seeks to challenge the constitutionality of his criminal conviction because there was insufficient evidence of an essential element of the crime. (Id. at 6.) Additionally, he seeks to file a motion for judgment of acquittal and a post-verdict appeal to challenge his conviction. (Id.)

Federal habeas corpus statutes and § 1983 "are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a § 1983 civil rights action." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006). Under Heck v. Humphrey, 512 U.S. 477, 487 (1994), Plaintiff may not proceed with a § 1983 claim for damages where success would necessarily imply the unlawfulness of the sentence. To the extent Petitioner seeks to challenge his criminal conviction, a petition for habeas corpus relief naming his current custodian as the respondent would be the proper mechanism by which to do so, but the sole remedy is "the immediate or expedited release of a prisoner unconstitutionally convicted or sentenced" and not money damages. Santiago-Lebron v. Fla. Parole Comm'n, 767 F. Supp. 2d 1340, 1347 (S.D. Fla. Feb. 23, 2011). To state a claim for monetary compensation pursuant to § 1983, a plaintiff must allege the violation of a right secured by the Constitution of the United States by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Lastly, because it is unclear whether Petitioner intends to proceed with a habeas corpus case or § 1983 civil rights case, it is also unclear whether Petitioner, through his IFP motion, is contending he cannot pay the $5.00 habeas corpus filing fee or the $350.00 filing fee for an IFP civil rights complaint.

Accordingly, Petitioner shall have twenty-one days from the date of this Order to inform the Court by a written filing bearing the case caption above whether he intends to proceed with a § 1983 complaint or a habeas corpus petition. The Court **DIRECTS** the **CLERK** to include an appropriate form civil rights complaint used by incarcerated litigants in the Southern District of Georgia and a form habeas corpus petition with Plaintiff's service

copy of this Order. Plaintiff should submit only <u>one form</u> in response to this Order.[1] Once Plaintiff makes his selection by returning the appropriate form, the Court will consider the merits of Plaintiff's IFP motion. Failure to comply with the terms of this Order within twenty-one days may result in a recommendation that this case be dismissed.

SO ORDERED this 26th day of March, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] If Petitioner wants to proceed with a civil rights complaint for damages and a habeas corpus petition requesting release from custody, he must proceed in two separate cases, requiring two separate filing fees or IFP motions.