IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| EUGENE WATERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-025 |
| | ) | |
| NATHAN BROOKS, Warden; RODNEY | ) | |
| MCCLOUD, Warden of Security; | ) | |
| KAREN THOMAS, Lieutenant; and | ) | |
| C.O. FNU WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.   SCREENING OF THE COMPLAINT**

   **A.   BACKGROUND**

Plaintiff names as Defendants:  (1) Warden Nathan Brooks, (2) Warden of Security Rodney McCloud, (3) Lieutenant Karen Thomas, and (4) C.O. Williams.  (Doc. no. 5, pp. 2-3.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On March 22, 2018, prison officials destroyed Plaintiff's personal property and legal documents. (Id. at 5.) In his requested relief, Plaintiff seeks to challenge an essential element of his crime. (Id.)

**B.     DISCUSSION**

**1.     Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it

2

"offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendants

The Eleventh Circuit has held that a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Plaintiff alleges prison officials destroyed his personal property and legal documents. (Doc. no. 5, p. 5.) In his amended complaint, Plaintiff alleges no facts connecting Defendants with the destruction of his personal property or legal documents. Therefore, Plaintiff fails to state a claim against Defendants.

### 3. Plaintiff Fails to State a Claim for Denial of Access to the Courts

Plaintiff fails to state a claim for denial of access to the courts. To state a viable denial of

access to the courts claim, a plaintiff must allege "actual injury"; that is, "prison officials' actions . . . must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action" and the inmate "must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." Lane v. Philbin, 835 F.3d 1302, 1332 (11th Cir. 2016) (quoting Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998); see also Terrell v. Washington, No. CV 308-088, 2009 WL 256002, at *2 (S.D. Ga. Feb. 3, 2009). Here, Plaintiff does not allege any legal proceeding was impeded or any Defendant was involved. He only alleges his legal documents were destroyed. (Doc. no. 5, p. 5.) Accordingly, Plaintiff fails to state a claim based on denial of access to the courts.

### 4. Plaintiff's Complaint is Barred Under Heck v. Humphrey

Plaintiff's complaint is barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The Supreme Court held, when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. Id. In Heck, the Supreme Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. 520 U.S. at 487. In short, a claim for monetary damages that challenges Plaintiff's incarceration is not cognizable under § 1983. Id. at 483.

In his requested relief, Plaintiff seeks to challenge an essential element of his criminal conviction. (Doc. no. 5, p. 5.) Were these claims resolved in Plaintiff's favor before this Court, the outcome would inevitably undermine Plaintiff's state conviction. Vickers v. Donahue, 137 F. App'x 285, 290 (11th Cir. 2005). Plaintiff has not pointed to a "conviction

or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Accordingly, Plaintiff's claims are barred under Heck.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 27th day of June, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA